**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

_____

JOSEPH BLOOMFIELD,

                                        Plaintiff,                    Civ. No. 9:08-CV-619
                                                                              (GLS/RFT)

        - v -

BEZALEL WURTZBERGER, MD; JOSE GONZALEZ, MD;
SARA NELSON, MD; DONALD SAWYER, Acting Executive
Director, CNYPC; ROBERT WOODS, Superintendent,

                                        Defendants.

_____

**APPEARANCES:**                        **OF COUNSEL:**

JOSEPH BLOOMFIELD
Plaintiff, _Pro Se_
**_Last Known Address:_**
110-51 155th Street
Jamaica, New York 11433

HON. ERIC T. SCHNEIDERMAN            CHARLES J. QUACKENBUSH, ESQ.
Attorney General of the State of New York    Assistant Attorney General
Attorney for Defendants
The Capitol
Albany, New York 12224

**RANDOLPH F. TREECE**
**United States Magistrate Judge**

## REPORT-RECOMMENDATION and ORDER

        Plaintiff Joseph Bloomfield commenced this action _pro se_ in June 2008, seeking relief

pursuant to 42 U.S.C. § 1983 for the alleged violations of his constitutional rights.  On April 15,

2010, Plaintiff filed a Motion for Summary Judgment.  Dkt. No. 40.  On May 20, 2010, Defendants

opposed that Motion and also filed a Cross-Motion for Summary Judgment.  Dkt. No. 45.  Plaintiff

responded to the Defendants' Cross-motion on June 1, 2010.  Dkt. No. 46.  Both Motions are

currently pending before this Court.

By letter, dated June 7, 2010, a copy of which was filed on the Court's Docket, Defendants' counsel advised Plaintiff that a recent mailing sent to him at his address of record had been returned as undeliverable. Dkt. No. 47. According to counsel, the envelope had been stamped "Return to Sender – Attempted – Not Known – Unable to Forward." *Id.* Counsel requested that Plaintiff confirm his address in writing. *Id.*

By letter, dated July 20, 2010, Defendants' counsel advises the Court that Plaintiff's current whereabouts are unknown. Dkt. No. 49. Counsel provided the Court with a declaration from James Shapiro, a Supervising Parole Officer with the Bureau of Special Services in New York, New York.[1] Dkt. No. 49-1, James Shapiro Decl., dated July 20, 2010. Mr. Shapiro provides the following information: In January 2009, the New York State Supreme Court, Appellate Division, Third Department, granted a *habeas corpus* petition brought by Bloomfield, "by which he had challenged civil confinement proceedings under Mental Hygiene Law Article 10."[2] *Id.* at ¶ 3. Having been released from such custody, Bloomfield's residential address became 110-51 155th Street, Jamaica, New York 11433. *Id.* Upon information and belief, in June 2010, the New York State Court of Appeals reversed the Third Department's decision and "decreed that New York State could properly proceed with Article 10 proceedings concerning Mr. Bloomfield." *Id.* at ¶ 4. On June 24, 2010, Shapiro's office was asked by the Sex Offender Management Unit of the Attorney General's Office to locate Plaintiff and transport him to Rikers Island. *Id.* at ¶ 5. That same day, Parole Officer

[1] Mr. Shapiro states that he "oversee[s] a team of field officers who seek to locate, and apprehend absconders from Parole supervision." Dkt. No. 49-1, James Shapiro Decl., dated July 20, 2010, at ¶ 2.

[2] By this federal civil action, Bloomfield challenges both the procedure by which he was involuntarily committed to the Central New York Psychiatric Center and the conditions of his confinement therein. *See generally* Dkt. No. 10, Am. Compl.

2

Roosevelt Green went to Plaintiff's address in Jamaica, New York, and was informed by Plaintiff's mother (who resides at that address) that Plaintiff had left home on or about June 17, 2010. *Id*. at ¶ 6. According to Parole Officer Green, Mrs. Bloomfield relayed that "[s]hortly after his departure [Plaintiff] telephoned and advised her that he had 'a family emergency' which would require him to be away for an unknown length of time." *Id*. Plaintiff's mother advised that she did not know "who that 'family' would be, or what the 'emergency' was." *Id*. Parole Officer Green asked Plaintiff's mother to have Plaintiff contact him as soon as possible. *Id*. Having received no contact from Plaintiff, Parole Officer Green returned to that address on July 15, 2010. Mrs. Bloomfield advised that she had not "had any contact with, or communications from, Joseph Bloomfield." *Id*. at ¶ 7. As of July 20, 2010, Plaintiff had not contacted nor communicated with Parole Officer Green or any member of the Division of Parole. *Id.* at ¶ 8.

## I. DISCUSSION

The Motions pending before this Court are fully briefed, and thus, we wouldn't expect any communication from Plaintiff, except in certain circumstances such as providing the Court with an updated address. We have been informed that mail delivered to Plaintiff from Defendants' counsel was returned as undeliverable, Plaintiff has not responded to Defendants' request that he confirm his address, and, according to Parole Officer Shapiro, he cannot be located at his address of record. Similarly, while no mailings from this Court have been returned, there is no indication that Plaintiff attempted to update his address with the Court subsequent to the last communication Plaintiff had with this Court, which was on May 27, 2010, the date of his Response in opposition to Defendants' Cross-Motion for Summary Judgment (Dkt. No. 46).

In light of the above, this Court issued an Order, dated October 18, 2010, advising Plaintiff

that his continued refusal to provide a current address is grounds for dismissal, and further providing

Plaintiff thirty (30) days to submit an updated address.  Dkt. No. 50.  More than thirty days have

since elapsed, and this Court has received no further communication from Plaintiff.

      In this District, all litigants have an ongoing obligation to keep their address information

updated with both the Court and adversaries.  N.D.N.Y.L.R. 10.1(c)(2) ("**All attorneys of record**

**and *pro se* litigants must immediately notify the Court of any change of address.**" (emphasis

in original)).  A party's failure to provide such information is grounds for dismissal.  N.D.N.Y.L.R.

41.2(b).  Indeed, Bloomfield was warned of his obligation and the consequences of failing to do so

on November 12, 2008.  Specifically, Bloomfield was issued an Order stating,

> **Plaintiff is also required to promptly notify the Clerk's Office and all parties or**
> **their counsel of any change in Plaintiff's address; his failure to do so will result**
> **in the dismissal of this action[.]**

Dkt. No. 12 at pp. 3-4 (emphasis in original); *see also* N.D.N.Y.L.R. 10.1(c)(2).

As then-District Judge Pooler has observed:

> It is neither feasible nor legally required that the clerks of the district courts
> undertake independently to maintain current addresses on all parties to pending
> actions.  It is incumbent upon litigants to inform the clerk of address changes, for it
> is manifest that communications between the clerk and the parties or their counsel
> will be conducted principally by mail.  In addition to keeping the clerk informed of
> any change of address, parties are obliged to make timely status inquiries.  Address
> changes normally would be reflected by those inquiries if made in writing.

*Dansby v. Albany County Corr. Facility Staff*, 1996 WL 172699, at *1 (N.D.N.Y. Apr. 10, 1996)

(citations omitted).

      On at least two separate occasions, Bloomfield acknowledged this obligation when he duly

filed notices with the Court and served copies on Defendants indicating he had moved to another

location. Dkt. Nos. 3 & 29.  Though we were not provided with a copy of the returned notice

Defendants' attorney received from the U.S. Postal Service, as an officer of the Court, we have no

cause to doubt the veracity of his statement.  If indeed Plaintiff has failed to notify the Court and his

4

adversaries of his change of address, then such disobedience of the Rules of Practice of this District is grounds for dismissal. Indeed, courts in the Northern District of New York have dismissed lawsuits brought by *pro se* plaintiffs for failure to provide a current address. *See Rivera v. Goord*, 1999 WL 33117155 (N.D.N.Y. Sept. 14, 1999); *Fenza v. Conklin*, 177 F.R.D. 126 (N.D.N.Y. 1988); *Morgan v. Dardiz*, 177 F.R.D. 125 (N.D.N.Y. 1998); *Williams v. Faulkner*, 1998 WL 278288 (N.D.N.Y. May 20, 1998); *Dansby v. Albany County Corr. Facility Staff*, 1996 WL 172699.

Furthermore, Rule 41(b) of the Federal Rules of Civil Procedure provides that a court may, in its discretion, dismiss an action based upon the failure of a plaintiff to prosecute an action, or to comply with the procedural rules or orders of the court. FED. R. CIV. P. 41(b); *see Link v. Wabash R.R. Co.*, 370 U.S. 626 (1962).[3] This power to dismiss may be exercised when necessary to achieve orderly and expeditious disposition of cases. *See Freeman v. Lundrigan*, 1996 WL 481534, at *1 (N.D.N.Y. Aug. 22, 1996). The correctness of a dismissal pursuant to Rule 41(b) is determined in light of five factors: (1) whether plaintiff's failure to prosecute or to comply with the court's orders or procedural rules caused a delay of significant duration; (2) whether plaintiff was on notice that failure to prosecute or to comply would result in dismissal; (3) whether the defendant is likely to be prejudiced by further delay; (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard; and (5) whether the judge has adequately considered a sanction less drastic than dismissal. *Lewis v. Rawson*, 564 F.3d 569, 576 (2d Cir. 2009); *Lucas v. Miles*, 84 F.3d 532, 534-35 (2d Cir. 1996). In making use of this test, "[n]o one factor is dispositive, and ultimately we must review the dismissal in light of the record as a whole."

---

[3] It is well-settled that the term "these rules" in Rule 41(b) refers not only to the Federal Rules of Civil Procedure but also to the local rules of practice for a district court. *See Tylicki v. Ryan*, 244 F.R.D. 146, 147 (N.D.N.Y. 2006).

*United States ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 254 (2d Cir. 2004).

In this case, more than six months have elapsed since the Clerk of the Court first learned that Defendants' counsel was unable to communicate with Plaintiff. This delay is all the more significant in this case in light of the information provided through Defendants' counsel by Parole Officer Shapiro to the effect that Plaintiff cannot be located. Accordingly, while not conclusive evidence that Plaintiff does not intend to prosecute this action, the Court finds this period of noncompliance with the requirement that he notify the Clerk's Office and Defendants of his current address weighs in favor of dismissal. Moreover, the Court finds that Plaintiff was afforded proper notice of his obligation to advise the Court and counsel of his address and the consequences of his failure to comply.

The Court also finds that Defendants are likely to be prejudiced by further delay in the proceedings, which may well affect witnesses' memories, the ability to locate witnesses, and the preservation of evidence. With regard to the fourth factor, under the circumstances, the need to alleviate congestion on the Court's docket outweighs Plaintiff's right to receive a further chance to be heard in this case, and weighs in favor of the dismissal of this action.

Lastly, the Court has carefully considered sanctions less drastic than dismissal. Without the ability to communicate with Plaintiff, however, there is no meaningful way to procure his "reappearance" to actively prosecute this action. Moreover, simply waiting for him to comply with his obligations is not likely to be fruitful, since he has failed to do so for some months now. As a result, the Court finds that the fifth factor also weighs in favor of dismissal.

In sum, in light of the fact that Plaintiff cannot be located or communicated with at his address of record, and given his failure to comply with his obligation to advise the Court and counsel

of any change in his address, we recommend that this action be dismissed.  Nevertheless, in light of Plaintiff's *pro se* status, we recommend that the dismissal of this action be without prejudice.[4]

**WHEREFORE**, it is hereby

**RECOMMENDED**, that this action be **dismissed without prejudice** pursuant to Rule 41(b) of the Federal Rules of Civil Procedure; and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Report-Recommendation and Order upon the parties to this action.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen (14) days within which to file written objections to the foregoing report.  Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); *see also* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72, 6(a), & 6(e).

Date:   January 3, 2011
        Albany, New York

_____
RANDOLPH F. TREECE
United States Magistrate Judge

---

[4] Unless the dismissal order states otherwise, a dismissal pursuant to Rule 41(b) "operates as an adjudication on the merits."  FED. R. CIV. P. 41(b).